IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARIO AGUILAR,<br>Institutional ID No. 02248696,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE, *et al.*,<br><br>Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 5:22-CV-00306-C |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. No objections were filed. The Court reviewed the Report and Recommendation of the Magistrate Judge for plain error. Finding none, the Court **ACCEPTS** and **ADOPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that

1) Plaintiff's claims against Warden Ivey are **DISMISSED** with prejudice for failure to state a claim.

2) Plaintiff's claims for deliberate indifference against NP Odiaka, John Doe CO #1, Jane Doe CO, and NP Sherrill are **DISMISSED** with prejudice for failure to state a claim.

3) Plaintiff's claims against Texas Department of Criminal Justice, and his official-capacity claims against all defendants are **DISMISSED** without prejudice for lack of jurisdiction.

4) There is no just reason for delay in entering a final judgment and final judgment will be entered as to the above-named Defendants and claims pursuant to Federal Rule of Civil Procedure 54(b).

5) Plaintiff's deliberate-indifference claims against Defendants CO Henderson and Nurse Fridlington will proceed with notice and service as follows:

The Clerk shall transmit to the Office of the Attorney General (OAG) a copy of this Order, together with a copy of Plaintiff's Amended Complaint (Doc. 35), Judge Bryant's Order Granting in Part Plaintiff's Request to Amend (Doc. 34), and the Report and Recommendation (Doc. 36). The documents shall be transmitted by email to the appropriate email addresses at the Office of the Attorney General for the State of Texas. *See* Fed. R. Civ. P. 5(b)(2)(E).

The OAG is ordered to promptly contact Defendants CO Henderson and Nurse Fridlington and inquire whether each named defendant requests OAG representation and whether the defendant agrees to waive service under Rule 4. The OAG shall—**within 30 days of the date it receives this Order**—file an answer or other responsive pleading on behalf of each defendant that waives service and requests representation by the OAG.

If any defendant is no longer employed by TDCJ and will not be contacted and represented by the Attorney General's Office, the Assistant Attorney General assigned to this case shall provide the Court with each such defendant's last known address, UNDER SEAL WITHOUT A MOTION, on or before the date on which the defendant's answer is otherwise due.

6) The Court **GRANTS** Plaintiff limited pre-service discovery for the purpose of identifying Defendants John Doe CO #2, John Doe CO #3, and Jane Doe Nurse.

The Clerk shall transmit to the OAG a copy of Plaintiff's Notice of Identifying Information (Doc. 40).

The OAG must exercise reasonable diligence to identify Defendants John Doe CO #2, John Doe CO #3, and Jane Doe Nurse. The OAG must disclose the identity of each identifiable Doe defendant in an advisory to the Court **within 60 days of the date it receives this Order**. The advisory must include (1) the name and employment status of each identified defendant, (2) whether the defendant is an active TDCJ employee, and (3) whether the defendant will waive service and be represented by the OAG. If the OAG is authorized to represent any identified Doe defendant, and that defendant waives service, the OAG must file an answer or other responsive pleading on behalf of that defendant within 30 days of the date of its advisory. If the OAG will not represent an identified defendant, the OAG must provide the defendant's last known address, UNDER SEAL WITHOUT A MOTION, as an attachment to its advisory.

Alternatively, if the OAG cannot identify a defendant based on the information provided by Plaintiff, the OAG must, **within 60 days of the date it receives this Order**, produce relevant records for Plaintiff's inspection and review, so that Plaintiff may attempt to identify the defendant(s). The relevant records must include any duty rosters for the Montford Unit, 2nd shift, assignments to the A-2 Pod, from October 5, 2022. Additionally, if more than one officer or nurse

reasonably matches the descriptions and locations provided by Plaintiff, the OAG shall produce photos of each potential match for Plaintiff's review. Any produced photographs should be numbered to avoid disclosing unrelated identities. The OAG must file a notice of disclosure indicating its compliance with this discovery order, and shall attach UNDER SEAL WITHOUT A MOTION, the name corresponding with each numbered photograph, the employment status of each photographed individual, and a last-known address where each photographed individual may be served. The name of a photographed individual will be disclosed to Plaintiff only if he informs the Court that the photographed individual is one of the Doe defendants.

Plaintiff must review any disclosures or production made by the OAG and provide the Court with the name, or if the name is unknown, the photograph number, of each remaining Doe defendant within 30 days of the date of service on the OAG's disclosure or production. Failure to timely identify a proper defendant may result in the Court's sua sponte dismissal of Plaintiff's claims against the unnamed defendant without prejudice.

SO ORDERED.

Dated May __6__, 2024.

SAM R. CUMMINGS
Senior United States District Judge